Mark E. Ferrario (Nevada Bar No. 1625)
ferrariom@gtlaw.com
Glenn F. Meier (Nevada Bar No. 06059)
glenn.meier@gtlaw.com
Daniel J. Wadley (*pro hac vice*)
wadleyd@gtlaw.com
Nicholas P. Peterson (*pro hac vice*)
nick.peterson@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Attorneys for Defendants Live Ventures Incorporated and John Isaac a/k/a Jon Isaac*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE VENTURES INCORPORATED; JANONE INC. (f/k/a Appliance Recycling Centers of America, Inc.); JOHN ISAAC a/k/a JON ISAAC; KINGSTON DIVERSIFIED HOLDINGS LLC; and VIRLAND A. JOHNSON,<br><br>Defendants. | Case No. 2:21-cv-01433-JCM-VCF<br><br>**STIPULATION AND PROPOSED ORDER TO CONTINUE DISCOVERY**<br><br>**(Fifth Request)** |

Pursuant to Local Rule 26-3 and LR IA 6-1, Plaintiff Securities and Exchange Commission ("SEC"), Defendants Live Ventures Incorporated and John Isaac a/k/a Jon Isaac (collectively, the "Live Defendants"), Virland Johnson, and Defendant Kingston Diversified Holdings LLC ("Kingston" and, together with the SEC, Virland Johnson, and Live Defendants, the "Represented Parties"), by and through their respective undersigned counsel of record, hereby file this *Stipulation and Proposed Order to Continue Discovery (Fifth Request)* (this

-1-
STIPULATION AND PROPOSED ORDER TO CONTINUE DISCOVERY (Fifth Request)

1  "Stipulation") and stipulate, agree, and request that the Court enter an order adjusting and
2  continuing certain discovery deadlines set forth in the Court's *Order*, dated January 18, 2024
3  (the "Order") (ECF 124), so that expert disclosures and rebuttals may be continued until after
4  the conclusion of fact discovery, and that other deadlines after the close of fact discovery may
5  be continued proportionately with the new expert disclosure deadlines.[1]

6  As contemplated by LR 26-3, good cause exists to adjust the deadlines for this matter
7  because the Parties need to gather more relevant information during fact discovery before they
8  can make accurate and informed disclosures about which experts they intend to call. The
9  information that will be gathered and revealed during fact discovery will help the Parties make
10 informed, strategic choices about whom they wish to call based on the facts of the case.
11 Furthermore, the Parties will be better able to make dispositive motions once expert disclosures
12 have been made and rebutted. This is the Parties' fifth request for an extension of the discovery
13 deadlines set forth in the Court's initial *Scheduling Order* (ECF 85).

14 **A.  STATEMENT SPECIFYING THE DISCOVERY COMPLETED (LR 26-3(a))**

15 The parties participated in an initial Rule 26(f) Conference in September 2022.

16 On October 24, 2022, the SEC served its Initial Rule 26(a) Disclosures. The SEC
17 subsequently produced the documents identified in its initial disclosures.

18 On October 28, 2022, the Live Defendants served their Initial Disclosures pursuant to
19 Federal Rule of Civil Procedure 26(a)(1).

20 On October 28, 2022, the JanOne Defendants served their Initial Disclosures pursuant
21 to Federal Rule of Civil Procedure 26(a).

22 On October 2, 2023, Defendant Kingston served its Initial Disclosures pursuant to
23 Federal Rule of Civil Procedure 26(a).

24 On February 13, 2024, the SEC took the deposition of Juan Yunis.

25 On February 14, 2024, the Live Defendants took the deposition of Randy Katz.

---

[1] JanOne Inc. has reached a tentative settlement with the SEC, pending final approval by the SEC, and thus has not provided input on this Stipulation.

**B.  DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED (LR 26-3(b))**

The Parties need to complete written discovery including propounding and responding to requests for production, interrogatories, and requests for admissions, if any. The Parties also need to finish conducting depositions of relevant witnesses and FRCP 30(b)(6) designees of certain corporate entities. Last, the Parties also anticipate disclosing both initial and rebuttal experts.

**C.  REASON WHY REMAINING DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN (LR 26-3(c))**

The Parties have been diligently participating in the discovery process and have participated in a number of depositions. However, the Parties have not yet taken the depositions of certain auditing firms and are in the process of gathering further information that will be relevant to the conduct of expert discovery. The current discovery deadlines require expert disclosures to be made weeks before the close of fact discovery. Extending the deadlines relating to expert discovery is necessary to enable the parties to gather all relevant information and material that will be necessary for the expert discovery process.

Thus, the Parties agree that the deadline for initial expert disclosures under Rule 26(a) should be continued until after the close of fact discovery, and that all subsequent deadlines following the close of fact discovery be continued proportionately after the expert discovery deadline.

**D.  PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY (LR 26-3(d))**

(a) <u>Discovery Cut-off Date:</u> The deadline for the Parties to complete all fact discovery in this matter shall remain **May 20, 2024**.

(b)  <u>Initial Expert Disclosures:</u> The deadline for the Parties to make their Rule 26(a) expert disclosures shall be extended from March 21, 2024, to **June 17, 2024**.

(c)  <u>Rebuttal Expert Disclosures:</u> The deadline for the Parties to make their Rule 26(a) rebuttal expert disclosures shall be extended from April 22, 2024, to **July 15, 2024**.

(d) <u>Expert Discovery Deadline:</u> The deadline for the Parties to complete all expert discovery, including the depositions of any experts, shall be **August 26, 2024**.

(e) <u>Dispositive Motion Deadline:</u> The deadline for the Parties to file their dispositive motions shall be extended from June 20, 2024, to **September 30, 2024**.

(f) <u>Joint Pretrial Order:</u> The deadline for the parties to file their joint pretrial order shall be extended from July 22, 2024, to **October 14, 2024**. Pursuant to LR 26-1(b)(5), in the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the entry of a decision on the dispositive motion(s), or upon further order of the Court.

/ / /

Based on the foregoing Stipulation and good cause appearing, the Represented Parties respectfully request that the Court enter an order adopting the Represented Parties' amended proposed schedule for completing all remaining discovery.

**IT IS SO STIPULATED.**

Dated this 15th day of March 2024.

**SECURITIES AND EXCHANGE COMMISSION**

*/s/ Lynn M. Dean*
Lynn M. Dean (Cal. Bar #205562)
Ruth Pinkel (Cal. Bar #164470)
Robert Stillwell (Cal. Bar # 308630)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
*Attorneys for Plaintiff Securities and Exchange Commission*

Dated this 15th day of March 2024.

*/s/ Brent Baker*
Brent Baker (*pro hac vice forthcoming*)
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
bbaker@buchalter.com
*Attorney for Virland Johnson*

Dated this 15th day of March 2024.

**GREENBERG TRAURIG, LLP**

*/s/ Mark E. Ferrario*
Mark E. Ferrario (NV Bar #1625)
Glenn F. Meier (NV Bar #06059)
Daniel J. Wadley (*pro hac vice*)
Nicholas P. Peterson (*pro hac vice*)
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Dated this 15th day of March 2024.

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

*/s/ Sean Prosser*
Sean T. Prosser (*pro hac vice*)
3580 Camel Mountain Road, Ste. 300
San Diego, California 92130

Dennis L. Kennedy (NV Bar #1462)
Rebecca L. Crooker (NV Bar #15202)
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Defendant Kingston Diversified Holdings*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**DATED:** _____