Mark E. Ferrario (Nevada Bar No. 1625)
ferrariom@gtlaw.com
Kyle A. Ewing (Nevada Bar No. 14051)
ewingk@gtlaw.com
Daniel J. Wadley (*pro hac vice*)
wadleyd@gtlaw.com
Nicholas P. Peterson (*pro hac vice*)
nick.peterson@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Attorneys for Defendants Live Ventures Incorporated, Jon Isaac, and Virland Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:21-cv-01433-JCM-MDC |
| Plaintiff, | **DEFENDANTS' MOTION TO EXCLUDE INADMISSIBLE STATEMENTS AND EVIDENCE IN DECLARATION OF ROBERT C. STILLWELL** |
| vs. | |
| LIVE VENTURES INCORPORATED, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Defendants Live Ventures Incorporated ("Live"), Jon Isaac ("Mr. Isaac," with Live, the "Live Defendants"), and Virland Johnson ("Mr. Johnson," with the Live Defendants, the "Defendants") respectfully submit this Motion to Exclude Inadmissible Statements and Evidence in the Declaration of Robert C. Stillwell ("Mr. Stillwell"), attorney for the Securities and Exchange Commission (the "SEC"). Mr. Stillwell's Declaration was filed by the SEC on October 30, 2024 [Dkt. No. 173, Attachment 2] (the "Stillwell Declaration").

The stated purpose of the Stillwell Declaration is to "provide true and correct copies of documents and transcripts" cited in the SEC's Motion for Partial Summary Judgment [Dkt. No. 173] (the "Motion"). *See* Stillwell Decl. ¶ 4. However, many of the documents and transcripts

1

cited in the Stillwell Declaration constitute inadmissible hearsay and do not fall under any of the hearsay exceptions or exemptions. Furthermore, a substantial number of the exhibits have not been authenticated. Accordingly, many of the exhibits listed in the Stillwell Declaration are inadmissible and unreliable, and therefore should be excluded from the Stillwell Declaration and not be permitted to accompany or be cited in the SEC's Motion.

II.    **STATEMENT OF FACTS**

Although the underlying facts of this proceeding are more fully set forth in the Defendants' Motion for Summary Judgment [Dkt. No. 172], certain facts relevant to the Stillwell Declaration are set forth below.

The SEC obtained an Order of Investigation and began this matter in February 2018. During the following months and years, the SEC issued numerous investigative subpoenas to Live and to various third parties for documents and testimony. In doing so, the SEC collected tens of thousands of documents from third parties, auditors, banks and other financial institutions, service providers, and various individuals and entities relating to the entities and/or transactions targeted by the SEC's investigation.

Furthermore, the SEC issued subpoenas for investigative testimony to more than fourteen separate individuals who were never named as parties or formally deposed[1] in this lawsuit. These individuals were legally obligated to appear and sit for questioning by the staff of the SEC, which staff included various investigative attorneys and accountants. The testimony was recorded, but the Defendants were not entitled to attend the investigative testimony sessions, to review the materials that the SEC had collected, or to object or cross-examine the witnesses during the sessions. By design, the SEC's investigation is "nonpublic," and is not governed by or subject to the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

The individuals subject to the SEC's investigative subpoenas and their respective

---

[1] After the Live Defendants noticed the depositions of Randy Katz and Suzie Doran, the SEC cross-noticed those depositions, but before then had offered no actual indications it would have sought those depositions otherwise.

interview dates include:

- Tony Isaac (November 8, 2018 and November 13, 2019);
- Dennis Gao (June 25, 2019);
- Tyler Sickmeyer (July 19, 2019);
- Kevin Pickard (July 25, 2019);
- Suzie Doran (July 31, 2019 and January 12, 2021);
- Patrick Millar (August 6, 2019);
- Richard Butler (August 16, 2019);
- Elberta Nizzoli (September 10, 2019);
- Mark Szafranowski (November 19, 2019);
- Scott Blakeman (September 17, 2019);
- Amanda Schlank (August 28, 2019);
- Todd Larson (August 29, 2019);
- Florence Sirleaf (November 11, 2020); and
- James Pitrat (January 14, 2021).

In connection with these investigative interviews, the SEC collected and introduced hundreds of exhibits, including emails between third parties, as well as business, accounting, and corporate materials from individuals and entities who have neither appeared nor been named in this case.

It was not until August 2, 2021, years after the investigation began and well after the SEC had collected its substantial investigative record, that the SEC commenced this action by filing its Complaint against the Defendants [Dkt. No. 1].

III.    **LEGAL STANDARD**

At summary judgment, a district court may consider hearsay evidence submitted in an inadmissible form only if the underlying evidence could be provided in an admissible form at trial. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016).

3

The Ninth Circuit has repeatedly held that "unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002). Fed R. Evid. 901 presents ten methods by which a document can be authenticated:

    (a)  Testimony of a Witness with Knowledge;

    (b)  Nonexpert Opinion About Handwriting;

    (c)  Comparison by an Expert Witness or the Trier of Fact;

    (d)  Distinctive Characteristics and the Like;

    (e)  Opinion About a Voice;

    (f)  Evidence About a Telephone Conversation;

    (g)  Evidence About Public Records;

    (h)  Evidence About Ancient Documents or Data Compilations;

    (i)  Evidence About a Process or System;

    (j)  Methods Provided by a Statute or Rule;

Fed. R. Evid. 901.

## IV.    ARGUMENT

### A.    Many Exhibits Constitute or Include Inadmissible Hearsay

A considerable number of exhibits listed in the Stillwell Declaration are inadmissible, as they constitute hearsay that cannot be presented in an admissible form at trial, and thus should not be allowed to support the SEC's Motion. Hearsay is an out of court statement that is offered by a party for the truth of the matter the statement asserts. *See* Fed. R. Evid. 801. A hearsay statement or document is generally inadmissible unless it falls into one of the narrowly defined hearsay exceptions or exemptions. *See* Fed. R. Evid. 802, 803, 804. Moreover, hearsay evidence is also subject to Federal Rule of Evidence 403, which favors exclusion of evidence if "its probative value is substantially outweighed" by a danger of, among other risks, "unfair prejudice" or "misleading the jury."

4

"[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). In the Stillwell Declaration, however, many of the cited exhibits could not be provided in an admissible form at trial, and thus should not be considered by the Court. Specifically, many of the exhibits constitute *emails from nonparties* which are offered for the truth of the matters they assert. Other exhibits include internet webpages and articles that are offered for the truth of the matters their authors assert. Finally, the Stillwell Declaration cites investigative SEC testimony of nonparties, again citing to these statements for the truth of the matters they assert. All such exhibits should be excluded.

For example, Exhibits 10 and 13 are emails from Scott Blakeman to Jon Isaac. *See* Stillwell Decl. ¶¶ 14, 17. Mr. Blakeman was an employee at Chardan, a brokerage firm used by Live and Mr. Isaac. *See, e.g.,* Stillwell Decl., Ex. 10. These emails constitute hearsay because they are out of court statements by a nonparty that are being offered for the truth of the matter asserted. The SEC cites to these emails in the Motion in an attempt to prove that Jon Isaac concocted a scheme to pump Live's stock price; specifically, the SEC cites to Mr. Blakeman's statements to show that Mr. Isaac intended to sell shares of Live on December 28, 2016. *See* Mot. ¶ 102. However, Mr. Blakeman, the declarant, has not been deposed in this action and has provided no admissible testimony on this issue. Thus, Mr. Blakeman's statements in Exhibits 10 and 13 cannot be provided in an admissible form at trial. Since none of the hearsay exceptions apply here, these out of court statement will not be admissible and must be stricken.

Exhibit 12 is an email from George Kaufman, another Chardan employee, to Scott Blakeman and thus is an email exchange exclusively between third parties that constitutes hearsay. *See* Stillwell Decl. ¶ 16, Ex. 12. This document is cited in the Motion to support the argument that Jon Isaac orchestrated a pump and dump scheme; specifically, the SEC cites to Mr. Kaufman's statements regarding his expectation that Mr. Isaac would place orders to sell

shares of Live to show that Mr. Isaac did have an intent to sell and profit from Live stock. *See* Mot. ¶ 100. Thus, Mr. Kaufman's statements are being used to prove the truth of the matters they assert. However, George Kaufman has never been deposed or even interviewed in the course of this case and accompanying investigation. Mr. Kaufman's statements also do not fall into any of the hearsay exceptions. Thus, Exhibit 12 constitutes inadmissible hearsay and should not be allowed to be referenced in the SEC's Motion.

Similarly, Exhibits 18 and 19[2] are emails from Gail Kyser, a third party and administrative assistant at Live who is not a party to this case. Stillwell Decl. ¶¶ 22-23. Statements made by a party's agent or employee on a matter within the scope of that employment and while that employment existed may not be hearsay under Fed. R. Evid. 801(d)(2). However, such a statement must concern a matter within the role and scope of that employment relationship. *See City of Long Beach v. Standard Oil Co. of California,* 46 F.3d 929, 937 (9th Cir. 1995) (statements of employee were inadmissible hearsay because nothing in the record indicated that the employee's statements pertained to his role in the company).

The statements made by Ms. Kyser in Exhibits 18 and 19 do not relate to the course of Ms. Kyser's normal employment. Ms. Kyser was an administrative assistant at Live. *See* Stillwell Decl., Ex. 18 at 4. She has never been deposed in this matter, and she never sat for testimony in the course of the SEC's investigation. However, notwithstanding these problems, the SEC nevertheless attempts to inject her statements into the evidentiary record in support of their Motion. The statements are hearsay and should be excluded. In Exhibit 18, Ms. Kyser states that "twelve ICY certificates [will] be cancelled and exchanged for the Series B shares." Mot. ¶ 70. This statement about issuing and canceling shares is not the prerogative and within the scope of an administrative assistant; instead, such decisions are the prerogative of the company's officers and directors. Thus, this statement is not a matter within Ms. Kyser's

_____

[2] While the Defendants cite to Exhibit 19, previously marked as Ex. 511, in the Live MSJ, the Defendants do not rely upon it for the truth of Ms. Kyser's statements, but instead for the documents attached to Ms. Kyser's email. *See* Live MSJ ¶ 27.

administrative job duties. Further, the SEC relies upon the truth of this statement in the Motion to allege that the stock lockup was not officially finalized until 2017. *Id.* ¶ 74. Similarly, in Exhibit 19, Ms. Kyser stated that she "received the Series B cert for ICG today." *Id.* ¶ 73. However, again the issuance of corporate stock is not a matter within the employment of an administrative assistant, but again, is within the purview of executives and directors. The SEC relies on the truth of Ms. Kyser's statement to assert, again, that the share lockup was not affected until 2017. *Id.* ¶ 74. Therefore, both of these statements from Ms. Kyser are hearsay statements, as they are being offered to prove the truth of the matters asserted. No exceptions apply, as these are not present sense impressions, regularly kept business records, or statements of a party opponent. Finally, Ms. Kyser has never been deposed during this case. Thus, her statements will not be admissible at trial, and they should be stricken and not be allowed to be cited in the SEC's Motion.

Additionally, Exhibits 25, 26, 32, and 33 all constitute inadmissible hearsay. Exhibits 25 and 26 are website captures of articles published on StockMarketLeader.com and SmallCapLeader.com, respectively, and Exhibits 32 and 33 are just more legible versions of these same articles. *See* Stillwell Decl. ¶¶ 29-30. An individual author or declarant is not listed for either article—instead, the articles are attributed to "Stock Market Leader" and "Small Cap Leader," respectively. *Id.* The authors of the articles are nonparties who made the statements in the articles outside of court. The SEC cites to these exhibits for the truth of the matter asserted within them—namely, that the respective authors were "each compensated fifteen thousand dollars by a third party (Protrader Elite LLC) for an investor awareness campaign regarding LIVE" and that neither disclaimer disclosed anything about compensation being paid directly from Live. Mot. ¶¶ 93-95. The truth of these statements comes into play later in the SEC's Motion when the SEC uses them in an attempt to prove that Jon Isaac misled investors about hiring a stock promoter. *Id.* at 21. Furthermore, these statements do not fall into any applicable exceptions to hearsay, as they are not regularly kept business records or contemporaneous

7

statements. The author(s) of these articles will not testify at trial, nor have they been deposed in this case. These articles will not be admissible at trial, and thus, Exhibits 25, 26, 32, and 33 should be stricken from both the Stillwell Declaration and the Motion.

Additionally, Exhibit 39 is another webpage printout that constitutes inadmissible hearsay. Exhibit 39 is a printout from the homepage of the Financial Accounting Standards Bureau ("FASB"), used by the SEC in the Motion to support the statement of the website author, FASB, that FASB's Accounting Standards Codification ("ASC") is "the single source of authoritative nongovernmental U.S. generally accepted accounting principles (US GAAP)." Mot. ¶ 29. The SEC asserts the truth of this statement in an effort to prove that the Defendants did not comply with FASB standards, and thus, did not comply with GAAP. *See id.* ¶¶ 54-61. Thus, in Exhibit 39, the SEC is relying on the out of court statement of a third-party declarant for the truth of the matter asserted, making Exhibit 39 inadmissible hearsay. Furthermore, no relevant exceptions apply to Exhibit 39, as it is not a public record, a learned treatise (as it is just the website homepage), nor is it a business record. Thus, this Exhibit will not be in an admissible form at trial and should be stricken from the Stillwell Declaration and the Motion.

Finally, Exhibit 43 is a copy of excerpts from the investigative testimony of Scott Blakeman, a nonparty in this case who is not affiliated with Live, taken on September 17, 2019, during the SEC's pre-litigation investigation. *See* Stillwell Decl. ¶ 48. Mr. Blakeman's testimony is cited in the SEC's Motion to prove that Mr. Isaac perpetrated a scheme to pump Live's stock price. As with Exhibits 10 and 13 above, the SEC uses Mr. Blakeman's statements about Mr. Isaac's intent to sell Live shares on December 28, 2016, to try to prove that Jon Isaac was attempting to profit from the good news of the December 28 Press Release. *See* Mot. ¶¶ 100, 102. Mr. Blakeman's statements are being used for the truth of the matters they assert, and thus, Exhibit 43 constitutes inadmissible hearsay to which none of the hearsay exceptions or exemptions will apply. Again, as stated above, Mr. Blakeman has not been deposed in this action. Thus, Exhibit 43 should be stricken from the Stillwell Declaration and the Motion.

**B.**     **Many Exhibits Are Not Sufficiently Authenticated**

Statements and exhibits also need to be authenticated if they are to be admitted. "[U]nauthenticated documents cannot be considered in a motion for summary judgment." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1050 (D. Or. 2010), as amended (May 13, 2010). Each of the email and webpage exhibits mentioned above involve non-party declarants who were not even deposed by the SEC. Therefore, these exhibits are not sufficiently authenticated to introduce at trial or be considered with the SEC's Motion, irrespective of the hearsay issues. As stated in Federal Rule of Evidence 901, documents and exhibits may be authenticated in several ways. However, none of those methods can be used here for the aforementioned exhibits. There can be no testimony of a witness with knowledge to authenticate these exhibits because the authors of these exhibits have not been deposed in this case. Furthermore, these webpages and emails cannot be authenticated through handwriting, distinctive features, or a comparison against other emails or webpages. There is simply no effective way for the SEC to authentic these exhibits. Since these documents were never authenticated, they should not be considered by the Court in evaluating the Motion.

Furthermore, certain exhibits cited in the Stillwell Declaration, such as Exhibit 39—a webpage printout from the FASB website—have never been properly introduced or authenticated in any deposition or pleading in this proceeding. Therefore, Exhibit 39 will not be admissible at trial and should be stricken from the Stillwell Declaration and the Motion.

**V.     CONCLUSION**

In short, many of the exhibits set forth in the Stillwell Declaration and cited in the SEC's Motion are inadmissible hearsay that do not fit within any of the hearsay exceptions. Additionally, these same exhibits have not been sufficiently authenticated. Therefore, for the foregoing reasons, Exhibits 10, 12, 13, 18, 19, 25, 26, 32, 33, 39, and 43 cited in the Stillwell Declaration and in the SEC's Motion should be excluded in their entirety because they are hearsay. Additionally, all of the aforementioned exhibits have not been authenticated and there

is no effective way now for the SEC to authenticate them, and Exhibit 39 specifically has never been properly introduced in this proceeding. Accordingly, these exhibits should be excluded in their entirety.

Dated this 4th day of December 2024.

**GREENBERG TRAURIG, LLP**

/s/ Nick Peterson
Mark E. Ferrario (NV Bar #1625)
Kyle A. Ewing (NV Bar #14051)
Daniel J. Wadley (*pro hac vice*)
Nicholas P. Peterson (*pro hac vice*)
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Attorneys for Defendants Live Ventures, Jon Isaac, and Virland Johnson*

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2024, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.


/s/ Lindsey Wharton